IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. MORRIS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CORRECTIONAL OFFICER<br>ALARCON, SERGEANT SANDY, and<br>LIEUTENANT SCOTLAND,<br><br>　　　　Defendants. | No. C 07-3377 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket No. 2) |

　　　　Plaintiff, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has filed a motion to proceed *in forma pauperis*, which is now GRANTED in a separate order filed simultaneously (docket no. 2). The Court now reviews the complaint under 28 U.S.C. § 1915A(a) and DISMISSES the complaint for the reasons set forth below.

**DISCUSSION**

　　　　Plaintiff's complaint alleges that he was falsely accused of participating in a riot at the prison and that an inaccurate report resulted in his wrongful conviction in a prison disciplinary proceeding. As a result of this disciplinary proceeding, Plaintiff lost good time credit and was in administrative segregation for a lengthy period. He seeks monetary damages, restoration of the lost credits and expungement of this incident from his disciplinary record.

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Complaint</u>

In this case, Plaintiff has filed a § 1983 action when the disciplinary proceeding and finding of guilt has not been reversed or otherwise invalidated. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

When a prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

2

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. Where a claim would, if successful, "necessarily accelerate" the prisoner's release on parole, *Heck* applies. *Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (interpreting *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997)). *Heck* also bars a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). Where, as here, a successful claim would "necessarily accelerate" Plaintiff's release due to the restoration of good time credits, the action must be DISMISSED.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: <u>October 30, 2007</u>

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT W. MORRIS,

       Plaintiff,

  v.

ARLACON et al,

       Defendant.

Case Number: CV07-03377 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert W. Morris
K43112
P.O. Box 689
Soledad, CA 93960

Dated: October 30, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk